IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| TOWNES TELECOMMUNICATIONS, INC.; TOWNES TELECOMMUNICATIONS SERVICES CORP.; NORTHEAST FLORIDA TELEPHONE CO.; MOKAN DIAL, INC.; CHOCTAW TELEPHONE COMPANY; FIRST NATIONAL BANK OF TOM BEAN; AND CIRCLE CC RANCH, INC.<br><br>        Plaintiffs,<br><br>vs.<br><br>NATIONAL TELECOMMUNICATIONS COOPERATIVE ASSOCIATION, AND NTCA RETIREMENT AND SECURITY/SAVINGS PLAN TRUST COMMITTEE,<br><br>        Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C § 1331, 1441, and 1446, Defendants National Telecommunications Cooperative Association ("NTCA") and NTCA Retirement and Security/Savings Plan Trust Committee ("Committee")[1] remove the above-captioned lawsuit from the Arlington Circuit Court, Civil Division, Arlington, Virginia ("State Court") to the Alexandria Division of the United States District Court for the Eastern District of Virginia. For the reasons that follow, this action is properly removed.

---

[1] The Complaint in State Court named the "NTCA Retirement and Security/Savings Plan Trustee Committee"; however, the legal name of the Committee is the "NTCA Retirement and Security/Savings Plan Trust Committee."

## BACKGROUND AND PROCEDURAL HISTORY

1. Defendant NTCA is a trade association representing approximately 850 community-based independent telecommunications companies serving rural areas in the United States. Compl. ¶ 18.

2. NTCA is the sponsor of a multiple-employer plan called the NTCA Retirement and Security Program ("Program"). *See* Compl. ¶ 22.

3. The Program is governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). *See, e.g.,* Compl. ¶¶ 3-4, 18, 26.

4. The Program is administered pursuant to a written plan document called the Specifications of the Retirement and Security Program for Employees of NTCA and Its Members ("Specs"). *See* Compl. ¶ 30.

5. The Committee is the Program administrator and named fiduciary responsible for managing the Program's assets and providing benefits to participants. Compl. at ¶¶ 3, 19

6. Plaintiffs are members of NTCA that have decided to participate in and contribute to the Program for the benefit of their employees. Compl. ¶¶ 1, 10-17.

7. Under the Program Specs, "withdrawal liability" is assessed in two circumstances: (1) where a participating member either spins off the assets and liabilities of its current and former employees to a newly formed successor plan, or (2) where the participating member decides to stop contributing to the Program and does not establish a successor plan.

8. Plaintiffs advised Defendants that Plaintiffs wish to withdraw from the Program. Defendants then advised Plaintiffs, per Plaintiffs' request, of the estimated withdrawal liability Plaintiffs would incur in the event they withdrew from the Program. *See* Compl. ¶ 1.

9. Plaintiffs argue that Defendants' potential assessment of withdrawal liability pursuant to the terms of Program is contrary to federal law (specifically, ERISA). Compl. ¶ 53.

10. On or around March 8, 2019, Plaintiffs commenced this declaratory judgment action against Defendants in the State Court, which is captioned *Townes Telecommunications, Inc., et al. v. National Telecommunications Cooperative Association*, *et al.*, Case No. 13CL19000758. True and correct copies of the process, pleadings, and orders filed in the in the action are attached as Exhibit A to the Declaration of Michael L. Junk ("Junk Decl.").

11. Defendant NTCA was served a copy of Plaintiffs' Complaint on March 22, 2019, and the Committee was served a copy of Plaintiffs' Complaint on March 25, 2019. *See* Exhibit A to the Junk Decl.

<u>Federal Question Jurisdiction</u>

12. This action is properly removed first because it arises under federal law by alleging as an essential element of the claims a violation of federal law. *See Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9–11, (1983) ("[A] defendant may not remove a case to federal court unless the plaintiff 's complaint establishes that the case 'arises under' federal law. 'A right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.'") (Citations omitted.)

13. Specifically, Plaintiffs seek a declaration that Defendants are not permitted to assess withdrawal liability against Plaintiffs because the Program Specs providing for such assessment are inconsistent with ERISA. Compl. ¶¶ 3-6, 49-54.

14. Plaintiffs seek, in the alternative, a declaration that NTCA's methodology for calculating withdrawal liability is invalid as it violates ERISA. Compl. ¶¶ 55-61.

15. At bottom, Plaintiffs are asking the court to do nothing more than to interpret the statutory provisions of ERISA—a federal law—and analyze whether the terms of the ERISA-governed Program are permitted under and otherwise comply with ERISA.

16. Thus, this court has original jurisdiction under 28 U.S.C. § 1331.

17. Removal of the action is appropriate under 28 U.S.C. § 1441(a).

18. This Notice of Removal is timely, as it is filed within thirty (30) days after Defendants' receipt of the Summons and Complaint. *See* 28 U.S.C. § 1446(b)(1).

## Diversity Jurisdiction

19. In addition to this Court's original jurisdiction over the federal question raised by Plaintiff's claims, this Court also has diversity jurisdiction over the claims under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* Compl. ¶ 1 (estimated withdrawal liability is approximately $10 million); Compl. ¶¶ 11-17 (Plaintiffs are citizens of Arkansas, Florida, Florida, Kansas, Missouri, and Texas); Compl. ¶ 18 and Compl. caption (citizenship of Defendants).

## All Other Requirements for Removal Have Been Met

20. True and correct copies of all process, pleadings, and orders served on NTCA and the NTCA Trust Committee are attached hereto as Exhibit A to the Junk Decl. *See* 28 U.S.C. § 1446(a). Written notice of the filing of this supplemental notice of removal will be given to all parties of record as required by law, and Defendant promptly will file a true and correct copy of this notice of removal with the Arlington Circuit Court. *See* 28 U.S.C. § 1446(d).

21. Plaintiff filed this action in the Circuit Court of Arlington County, Virginia. The Alexandria Division of the District Court of the Eastern District of Virginia is the judicial district

embracing Arlington County, where the State Action was brought, and, therefore, is the proper district court to which this case should be removed. *See* 28 U.S.C. §§ 1441(a), 1446(a).

WHEREFORE Defendants National Telecommunications Cooperative Association and NTCA Retirement and Security/Savings Plan Trust Committee, desiring to remove this civil action to the United States District Court for the Eastern District of Virginia, Alexandria Division, pray that the filing of this notice of removal shall effect the removal of said action to this Honorable Court pursuant to 28 U.S.C. § 1441.

Date: April 12, 2019

Respectfully submitted,

/s/ *Michael L. Junk*
Michael Junk, VA Bar No. 47018
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006-5811
Telephone: (202) 857-0620
Facsimile: (202) 659-4503
E-Mail: mjunk@groom.com

*Attorney for Defendants National Telecommunication Cooperative Association and NTCA Retirement and Security/Savings Plan Trust Committee*